■ MIRIAM K. ARNOLD et al., Appellants, v. ARTHUR SCHMEISER, an Infant, by LOUISE SCHMEISER, His Natural Guardian, et al., Respondents.— In a negligence action to recover damages for personal injuries and medical expenses, plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered August 27, 1968, in favor of defendants upon the trial court's dismissal of the complaint at the close of the entire case upon a jury trial. Judgment reversed, on the law, and new trial granted, without costs. The questions of fact have not been considered. Since the complaint was dismissed before the

case was submitted to the jury, this court must consider the facts and inferences therefrom in the light most favorable to plaintiffs. The infant plaintiff, a boy nine years old at the time of the accident, contends that defendants, who were a few years older than himself, were conducting a game in a neighbor's yard. Two of the defendants would grip each other's wrists with their hands, thereby making a chair or bucket upon which another boy could sit. They then hurled him in the air and caught him on the way down. The infant plaintiff contends he saw the game demonstrated once and then was implored by defendants to sit in this "fireman's chair" and be hurled in the air. He initially refused, but finally entered the game upon defendants' assurances that he would be caught on his descent. Instead, he was hurled high in the air from the "fireman's chair" by the three defendants, who then walked away and made no attempt to catch him on his descent to the ground. He fell and suffered a fractured wrist. Looking at the infant plaintiff's testimony in its most favorable light, it is clear that he did not assume the risk of injury in this game resulting from defendants' failure even to attempt to catch him after hurling him into the air, when they had assured him they would do so. One who takes part in a sport accepts the risks that inhere in it so far as they are obvious and necessary (*Murphy* v. *Steeplechase Amusement Co.*, 250 N. Y. 479, 482). In this game involving a "fireman's chair" it cannot be said as a matter of law that the infant plaintiff assumed the risk of injuries from the total absence of the "chair" when he descended. In our opinion, an issue of fact was raised as to whether defendants, having implored the infant plaintiff to play in the game, had a duty to prevent exposing him to a greater risk of injury than was obvious and necessary. Since all three defendants participated in hurling him in the air, we feel that a question of fact as to the negligence of all the defendants and the assumption of risk by the infant plaintiff was raised; and that it should have been submitted to the jury. Hopkins, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.